# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Nolan Verke and Laurice Callahan, | ) |
| Plaintiffs, | ) |
| vs. | ) **ORDER GRANTING MOTION TO REMAND** |
| Friendship Homes of Minnesota, Inc. and Centennial Homes of Dickinson, Inc., | ) Case No. 1:13-cr-142 |
| Defendants. | ) |

Before the court is a Motion to Remand to State Court filed by plaintiffs on December 16, 2014. For the reasons set for the below, the motion is granted.

## I.   BACKGROUND

At issue in this case is a modular home manufactured by Friendship Homes of Minnesota ("Friendship") and sold to plaintiffs by Centennial Homes of Dickinson, Inc. ("Centennial"). According to plaintiffs, the modular home they purchased had not been customized as agreed upon and was otherwise uninhabitable due to faulty construction.

Plaintiffs filed suit against Friendship and Centennial in state district court, asserting claims for breach of contract, fraudulent misrepresentation and fraud in the inducement, equitable estoppel, unconscionability, breach of warranty, negligence, consumer fraud, and constructive fraud. Upon obtaining leave of court, they subsequently amended their complaint to include an additional claim for products liability. Friendship and Centennial were served with the original complaint on January 13, 2013, and with the amended complaint on November 16, 2013.

Friendship filed a Notice of Removal on November 19, 2013, pursuant to 28 U.S.C. § 1331 and 1446. Therein they advised that advised that Centennial had consented to the removal of this

1

action.

Plaintiffs filed a Motion for Remand on December 16, 2013. They assert that removal was defective, to wit: Friendship did not file its notice of removal within thirty days of service of the original complaint as required by § 1446.[1] Counting from the date on which defendants were served with copies of the original complaint, they calculate that the statutory deadline for filing a Notice of Removal lapsed on or about February 13, 2013. They then point out that approximately nine more months passed before Friendship filed the notice of removal.

Friendship filed a response in opposition to plaintiffs' motion on December 20, 2013. It asserts that plaintiffs reopened the door to removal when amending their complaint in November 2013. Centennial joined in Friendship's response on December 30, 2013.

## II. DISCUSSION

There is no dispute that the parties are of diverse citizenship or that the amount in controversy is in excessive of $75,000. The only issue is whether removal of this action to federal court was timely. 28 U.S.C. § 1446(b) provides the following with respect to the timing of removal:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1); see also Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc.,

---

[1] Plaintiffs also assert that this action must be remanded by virtue of the fact that Centennial has not consented in writing to removal of this action. For support, they cite Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008) ("While the failure of one defendant to consent renders the removal defective, each defendant need not necessarily sign the notice of removal. There must, however, be some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant has actually consented to the removal." (internal citations and quotations omitted)). Given that the court finds that removal was untimely, this issue need not be addressed.

2

668 F.2d 962, 965-66 (7th Cir.1982) (discussing the policy reasons underlying the 30 day limitations period). The purpose of this time limit is twofold: (1) "to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system;" and (2) "to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court." Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc., 668 F.2d at 965-66 (7th Cir.1982). "The courts, however, have read into the statute an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'" Id. (quoting Fletcher v. Hamlet, 116 U.S. 408, 410 (1886)); see also Johnson v. Heublein, Inc., 227 F.3d 236 (5th Cir.2000) (concluding that defendants timely filed a notice of removal under the revival exception to § 14469(b)); Continental Property Group, Inc. v. City of Minneapolis, No. No. 08–5929, 2009 WL 282096, at *3 (D. Minn. Feb. 5, 2009) (observing that courts rarely apply the revival exception).

"An amendment may substantially change a complaint if it modifies the 'target of [the plaintiff's claim] or the nature of the relief sought." Continental Property Group, Inc. v. City of Minneapolis, No. No. 08–5929, 2009 WL 282096, at *3 (quoting Wilson, 668 F.2d at 966). "A change in the basic legal theory of the action may also constitute a substantial change." Id. (internal quotations omitted). So to could the interjection of a new claim based on an entirely new set of fact or the realignment of the parties to an action. Id. "However, a new or different theory of recovery or measure of damages . . . or claims that require some additional evidence or different burdens of proof, have failed to give rise to a revival exception." Id. (citing McKenna v. Brassard, 704 F. Supp. 309, 311–12 (D. Mass. 1989); see also Samuels v. Allstate Ins. Co., No. 05–2490, 2006 WL 449257,

3

at *4 (D. Kan. Feb. 23, 2006)).

This case was removeable when originally filed in stated district court. Defendants were presumably aware of this and yet whatever reason did not file a notice of removal within thirty days of their receipt of plaintiffs' original complaint as required by § 1446(b). Thus, unless the court finds the revival exception applicable in this instance, removal is effectively foreclosed.

Having reviewed the pleadings, the court concludes that the circumstances here do not warrant application of the revival exception. The amendment by plaintiffs to their original complaint has not substantially altered the nature of this action so as to constitute a substantially new action. The parties to this action remain the same as does the basic theory of the case–that the modular home purchased by plaintiffs was poorly constructed and otherwise failed to conform to their expectations– and the relief sought. Moreover, plaintiffs' new claim arises out of the same set of facts as their initial claims.

## III. CONCLUSION

Based upon the foregoing, the court **GRANTS** plaintiffs' Motion for Remand (Docket No. 8). Plaintiffs' request for a hearing on the motion (Docket No. 13) is deemed **MOOT.**

**IT IS SO ORDERED.**

Dated this 21st day of February, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court